UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MMJ INTERNATIONAL HOLDINGS CORP.; MMJ BIOPHARMA CULTIVATION INC.; and MMJ BIOPHARMA LABS INC., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, U.S. ATTORNEY GENERAL; ANN MILGRAM, ADMINISTRATOR OF THE U.S. DRUG ENFORCEMENT ADMINISTRATION; THOMAS COOK, INVESTIGATOR OF THE U.S. DRUG ENFORCEMENT ADMINISTRATION; THE U.S. DEPARTMENT OF JUSTICE; and THE U.S. DRUG ENFORCEMENT ADMINISTRATION, <br><br> Defendants. | C.A. No. 1:22-CV-00152-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendants' Motion to Dismiss (ECF No. 7.) In this action MMJ International Holdings Corp, MMJ Biopharma Cultivation Inc., and MMJ Biopharma labs Inc ("MMJ") allege that the government defendants ("the government") have unreasonably delayed their registration as an importer and bulk manufacturer of marijuana. MMJ first submitted applications for these registrations in 2018 for the purpose of developing treatments for conditions like Huntington's Disease and Multiple Sclerosis. (ECF No. 1 ¶ 23.) MMJ argues that

1

under 21 U.S. Code § 823(i)(2) the government was obligated to make a final determination on these applications "[n]ot later than 90 days after the date on which the period for comment pursuant to [the Notice of Application] ends," which in this case was March 9, 2020, for the bulk manufacturing registration and February 7, 2021 for the importer registrations. (ECF No. 5 at 10.) MMJ seeks a writ of mandamus under the Mandamus Act, 28 U.S.C. § 1631, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), requiring the government to make a final determination on MMJ's pending registrations. (ECF No. 1 at 17.) For the reasons explained below, the Court GRANTS the government's Motion to Dismiss this case for lack of subject matter jurisdiction.[1]

The government moves to dismiss contending that MMJ brought this action in the wrong court, as Congress vested exclusive jurisdiction to review the Attorney General's conclusions related to drug control in the courts of appeals. (ECF No. 7-1 at 13-16). The government argues that Congress specified by statute that all "final determinations, findings, and conclusions" of the Attorney General related to drug control "shall be final and conclusive," "except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia" or other appropriate geographic court of appeals. 21 U.S.C. § 877.

---

[1] Because the Court is dismissing MMJ's action for lack of subject matter jurisdiction, it declines to rule on the government's separate argument that two of the MMJ plaintiffs lack standing, or on the government's Motion to Dismiss for failure to state a claim upon which relief can be granted.

2

In response, MMJ argues that the government's reliance on 21 U.S.C. § 877 is misguided because the language of the statute specifies that it applies to "final determinations, findings, and conclusions," and no final determination exists in this case, which was filed to compel the government to issue a final determination. (ECF No. 8 at 5-6.)

The government argues that the courts of appeals' exclusive jurisdiction over cases such as this one extends to suits alleging unreasonable delay in making final determinations. In *Telecoms. Research & Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"), the D.C. Circuit addressed a similar case. The petitioners in *TRAC* sought to compel the Federal Communications Commission ("FCC") to issue a decision arguing unreasonable delay. There, as here, a statute vested exclusive jurisdiction over challenges to the FCC's final decisions in the courts of appeals. *Id.* at 72. The court in *TRAC* held that in this context, not only could it consider "any suit seeking relief that might affect the Circuit Court's future jurisdiction," but also that its jurisdiction over such claims was exclusive. *Id.* at 75. The government argues that the First Circuit adopted the D.C. Circuit's *TRAC* analysis in *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 535 (1st Cir. 1997), in which the court cited to *TRAC* and held that "[i]t is well established that the exclusive jurisdiction given to the courts of appeals to review FAA actions also extends to lawsuits alleging FAA delay in issuing final orders."

In response, MMJ argues that the citation to *TRAC* in *Sea Air Shuttle* is dicta and as such should be disregarded, particularly considering that its conclusion

appears to contradict both the text of 21 U.S.C. § 877 specifying exclusive jurisdiction for "final determinations" as well as the plain language of the Mandamus Act, which states that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S. Code § 1361. (ECF No. 8 at 5-6.)

It is not entirely clear that the First Circuit has fully adopted the proposition that a court of appeals' exclusive jurisdiction over final determinations extends to actions for delayed determinations.[2] In *Sea Air Shuttle*, the plaintiff sued the Federal Aviation Administration (FAA) for failure to enforce a law, and the district court dismissed the complaint on the ground that the Federal Aviation Act provides federal courts of appeals with exclusive jurisdiction to review FAA actions. 112 F.3d at 533. Although the First Circuit upheld this decision, the court made clear that it "rel[ied] primarily on an alternative reason" than its allegedly exclusive jurisdiction over such a case. *Id.* Indeed, the court "decline[d] to consider whether an FTCA claim based on FAA inaction ever could be cognizable," though the court thought it "unlikely." *Id.* at 535. Only then did the court cite to *TRAC* for the

---

[2] Some district courts have interpreted *TRAC* and *Sea Air Shuttle* to stand for this proposition. *See United States v. Baxter*, No. 1:10–CV–00435–JAW, 2011 WL 1988437, at *6 (D. Me. May 23, 2011) ("*TRAC* established that where statutes vest review of agency action in certain courts, those same courts have exclusive jurisdiction over claims arising from related delay or inaction from that agency"); *Town of Dedham v. Fed. Energy Regul. Comm'n*, No. 1:15–CV–12352–GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015) (citing *Sea Air Shuttle* in dismissing for lack of subject matter jurisdiction when the court of appeals had exclusive jurisdiction to hear cases involving "agency inaction").

4

proposition that "the exclusive jurisdiction given to the courts of appeals to review FAA actions also extends to lawsuits alleging FAA delay in issuing final orders." *Id.*

In at least one other case, *In re Sierra Club*, No. 12-1860, 2013 WL 1955877, at *1 (1st Cir. May 8, 2013), the First Circuit cited to *Sea Air Shuttle* for the proposition that a "party could pursue writ of mandamus from court of appeals to challenge agency inaction where appellate court is exclusive forum for review of agency action." The court did not hold that a party could *only* pursue such a writ in the courts of appeals.

At the very least, however, *Sea Air Shuttle* and *In re Sierra Club* together indicate that a remedy exists in the courts of appeals for cases such as this. Whether that remedy is exclusive or not, its existence is sufficient reason to dismiss MMJ's claims for lack of subject matter jurisdiction, as both the APA and the Mandamus Act limit relief to times a party has no adequate alternative remedies. *Conservation Law Found., Inc. v. Busey*, 79 F.3d 1250, 1257 (1st Cir. 1996) ("'final agency action *for which there is no other adequate remedy in a court* are subject to judicial review' under the APA" (quoting 5 U.S.C. § 704)); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 985 F.3d 122, 127 (1st Cir. 2021) ("the party seeking mandamus relief must demonstrate that there are no adequate alternative remedies available").

Because there is at least some ambiguity to this question of law, the Court must also consider the balance of the equities. The harm to MMJ is limited, as it may bring this same suit in the U.S. Court of Appeals for the District of Columbia or the

First Circuit.  With this recourse in mind, the government's Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 7) is GRANTED and MMJ's claims are dismissed without prejudice.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

November 10, 2022